UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ROBERT E. HAYER,**

    Plaintiff,

v.                                                           Case No. 2:21-cv-436-SPC-NPM

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Robert Hayer seeks judicial review of a denial of Social Security disability benefits. The Commissioner of the Social Security Administration filed the transcript of the proceedings (Doc. 16),[1] and the parties filed a joint memorandum (Doc. 24). As discussed in this report, the decision of the Commissioner should be reversed and remanded.

**I.    Eligibility for Disability Benefits and the Administration's Decision**

    **A.    Eligibility**

The Social Security Act and related regulations define disability as the inability to do any substantial gainful activity by reason of one or more medically determinable physical or mental impairments that can be expected to result in death or that have lasted or can be expected to last for a continuous period of not less than

---

[1] Cited as "Tr." followed by the corresponding page number.

twelve months.[2] Depending on its nature and severity, an impairment limits exertional abilities like walking or lifting, nonexertional abilities like seeing or hearing, tolerances for workplace conditions like noise or fumes, or aptitudes necessary to do most jobs such as using judgment or dealing with people.[3] And when functional limitations preclude both a return to past work and doing any other work sufficiently available in the national economy (or an impairment meets or equals the severity criteria for a disabling impairment as defined in the regulatory "Listing of Impairments"), the person is disabled for purposes of the Act.[4]

## B. Factual and procedural history

On December 15, 2018, Hayer applied for disability insurance benefits. (Tr. 166, 262). He claimed an onset date of August 10, 2018, and alleged disability due to COPD, gastro perpetration ulcer, left ankle surgery, bulged discs, and severe back issues. (Tr. 166-167, 294). As of the alleged onset date, Hayer was 47 years old. (Tr. 166, 181). He never completed high school, but he received his GED in his thirties. (Tr. 125). He previously worked as a painter, waiter, and bowling-pin-machine

---

[2] *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3); 20 C.F.R. §§ 404.1505, 416.905.

[3] *See* 20 C.F.R. §§ 404.1513(a)(2)(i)-(iv) (discussing the various categories of work-related abilities), 416.913(a)(2)(i)(A)-(D) (same), 404.1522(b) (providing examples of abilities and aptitudes necessary to do most jobs), 416.922(b) (same), 404.1545(b)-(d) (discussing physical, mental, and other abilities that may be affected by an impairment), 416.945(b)-(d) (same), 404.1594(b)(4) (defining functional capacity to do basic work activities), 416.994(b)(1)(iv) (same).

[4] *See* 20 C.F.R. §§ 404.1511, 416.911(a).

mechanic. (Tr. 156, 295).

On behalf of the administration, a state agency[5] reviewed and denied Hayer's application initially on February 4, 2019, and upon reconsideration on June 11, 2019. (Tr. 166-180, 181-98). At Hayer's request, Administrative Law Judge (ALJ) Eric Anschuetz held a hearing on June 2, 2020 (Tr. 114, 213), and on July 22, 2020, the ALJ issued a decision finding Hayer not disabled. (Tr. 85-105).

Hayer's timely request for review by the administration's Appeals Council was denied. (Tr. 4-9). Hayer then brought the matter to this court, and the case is ripe for judicial review.

### C.   The ALJ's decision

The ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). This five-step process determines:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in significant numbers in the national economy.
>
> *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (internal quotation omitted); *see also* 20 C.F.R. § 404.1520(a)(4).

---

[5] In Florida, a federally funded state agency develops evidence and makes the initial determination whether a claimant is disabled. *See* 42 U.S.C. § 421(a); 20 C.F.R. § 404.1603(c).

The governing regulations provide that the Social Security Administration conducts this "administrative review process in an informal, non-adversarial manner." 20 C.F.R. § 404.900(b). Unlike judicial proceedings, Social Security Administration hearings "are inquisitorial rather than adversarial." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018) (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (plurality opinion)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id.* Indeed, "at the hearing stage, the commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id.* (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id.* (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

Nonetheless, while the claimant is temporarily relieved of the burden of production during step five as to whether there are enough jobs the claimant can perform, the claimant has the burdens of production and persuasion throughout the process. *See* 20 C.F.R. § 404.1512 (providing that the claimant must prove disability); *see also Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983) ("The scheme of the Act places a very heavy initial burden on the claimant to

establish existence of a disability by proving that he is unable to perform his previous work."). In short, the "overall burden of demonstrating the existence of a disability as defined by the Social Security Act unquestionably rests with the claimant." *Washington*, 906 F.3d at 1359 (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

At step one of the evaluation, the ALJ found Hayer had not engaged in substantial gainful activity since the alleged onset date. (Tr. 92). At step two, the ALJ found Hayer had the following severe impairments: posttraumatic stress disorder (PTSD), chronic obstructive pulmonary disease (COPD), and obstructive sleep apnea. (Tr. 92). At step three, the ALJ determined Hayer did not have an impairment or combination of impairments that met or medically equaled the severity of an agency-listed impairment. (Tr. 94).

> As a predicate to step four, the ALJ arrived at the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is able to lift and/or carry 20 pounds occasionally and 10 frequently; stand and/or walk four hours in an eight-hour workday; sit six hours in an eight-hour workday; never climb ladders or scaffolds; frequently climb ramps and stairs; frequently balance and stoop; occasionally kneel, crouch, and crawl; avoid concentrated exposure to environmental extremes of heat and cold; avoid concentrated exposure to dusts, odors, fumes, and gases; avoid workplace hazards such as unprotected heights and unshielded rotating machinery; no mental health limitations; permitted to alternate sitting and standing for a maximum of 30 minute intervals while remaining at his workstation; and limited to simple tasks.

(Tr. 95-96). At step four, the ALJ found Hayer unable to perform his past relevant work because the functional demands exceeded his RFC. (Tr. 103). At step five, the ALJ found Hayer could perform other work that exists in significant numbers in the national economy. (Tr. 104). In support, a vocational expert opined during the ALJ hearing that three occupations represent the kinds of jobs that an individual of Hayer's age, education, work experience, and RFC can perform:

- *Routing clerk* (DOT# 222.687-022); light; SVP 2; with 133,000 positions in the national economy;

- *Parking lot attendant* (DOT# 915.473-010); light; SVP 2; with 33,000 positions in the national economy;

- *Cashier II* (DOT# 211.462-010); light; SVP 2; with 200,000 positions in the national economy.

(Tr. 104).[6] Consequently, the ALJ concluded Hayer was not under a disability from August 10, 2018, through the date of the decision, July 22, 2020. (Tr. 105).

## II. Analysis

Hayer's appeal presents several issues, but one requires remand—the failure of the ALJ to resolve the apparent conflict between the RFC's stand/walk limitation

---

[6] The DOT numbers refer to the *Dictionary of Occupational Titles* and its detailed explanations concerning each occupation's requirements. These descriptions include exertion and skill levels. Exertion refers to the work—in a purely physical sense—that the job requires, and it is divided into five categories: sedentary, light, medium, heavy, and very heavy. Skill refers to how long it takes to learn the job, and it is divided into three categories: unskilled, semiskilled, and skilled. The "SVP" (Specific Vocational Preparation) provides further subdivision of the three skill categories into nine levels: SVP 1 and 2 are unskilled; SVP 3 and 4 are semiskilled; and SVP 5 through 9 are skilled.

and the stand/walk demands of the occupations the vocational expert offered as examples of the work Hayer could perform.

### A.     The ALJ's duty to resolve apparent conflicts

ALJs have an ***affirmative duty*** to identify and resolve apparent conflicts between a claimant's limitations and the demands of occupations—as defined in the DOT—that a vocational expert offers as examples of the work that a claimant can perform. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018). "During or after the hearing, the ALJ is expected to take notice of apparent conflicts, even when they are not identified by a party, and resolve them." *Id*. at 1363. And whenever a conflict is apparent, the ALJ must also ask the vocational expert about it. This involves more than simply asking the expert to confirm no conflict, but to provide a reasonable explanation for any apparent discrepancy. *See id*. Finally, the ALJ's decision must detail how the conflict was resolved. An ALJ's failure to fully discharge this duty prevents the expert's contradicted opinion from serving as substantial evidence. *See id*. at 1356.

### B.     The ALJ's failure to resolve an apparent conflict

During the hearing, the ALJ asked the vocational expert to opine about the number of available jobs in the national economy for someone of Hayer's age, education, and work experience and limited to, among other things, standing and walking for a total of four hours in an eight-hour workday. (Tr. 159). Opining that

such jobs existed in significant numbers, the expert referred to the occupations of routing clerk, parking lot attendant, and "cashier II" as examples. (Tr. 160). The ALJ did not ask the expert whether there were any conflicts between this opinion testimony and the demands of these occupations as described in the DOT. But because the DOT classifies these occupations as "light work," the conflict was plain.

As we reasoned in *Horne v. Commissioner of Social Security*, No. 2:20-cv-181-JLB-MRM, 2021 WL 3023679 (M.D. Fla. June 28, 2021) (report and recommendation), *no objection and adopted*, 2021 WL 3022727 (July 16, 2021), light work generally requires an ability to walk for about six hours a day, because—by definition—light work involves carrying up to ten pounds frequently. *Id*. at *14 (citing SSR 83-10, 1983 WL 31251, at *6 (S.S.A. 1983)). Indeed, the governing regulations explain that light work "requires a good deal of walking or standing…." 20 C.F.R. § 404.1567(b). And given the ALJ's failure to explore this issue with the vocational expert, we must reverse and remand for a proper resolution of this conflict. *See Horne*, 2021 WL 3022727 at *1; *see also Knapp v. Kijakazi*, No. CA 21-0394-MU, 2022 WL 1019988, *6 (S.D. Ala. Apr. 5, 2022) (agreeing with *Horne* that ALJ failed to resolve an apparent conflict between light-work jobs and a stand/walk limitation of four hours in the RFC).[7]

---

[7] Notably, the RFC is rife with internal conflicts. Not only does it restrict Hayer to standing or walking for four hours while allowing jobs that require nearly six hours of carrying, but it also allows jobs that require nearly six hours of climbing ramps and stairs. Moreover, the RFC states there are "no mental health limitations," but then it limits Hayer to "simple tasks."

### III. Conclusion

The ALJ relied on opinion testimony from a vocational expert without properly resolving an apparent conflict between the testimony and the DOT. This constitutes reversible error. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018). On remand, any issues relating to the claim may be considered by the Appeals Council or administrative law judge whether or not they were previously raised in the administrative proceedings. *See* 20 C.F.R. § 404.983(a). Accordingly, the decision of the Commissioner should be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), and the Clerk of Court should be directed to enter judgment in plaintiff's favor.

Respectfully recommended on August 3, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**